**The below described is SIGNED.**

**Dated: March 20, 2009**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**



_____

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 09-20999 |
|---|---|
| **Shane Lynn Stokes**, | Chapter 7 |
| Debtor. | Judge R. Kimball Mosier |

### FINDINGS OF FACT AND CONCLUSIONS LAW

This matter came before the Court on the 18th day of March 2009 on the Motion of Wells Fargo Bank, N.A. ("Creditor") for Termination of the Automatic Stay. Mark S Middlemas of Lundberg & Associates appeared on behalf of Creditor. No other appearances were made at the hearing

**I.    JURISDICTION**

This matter involves a Motion for Termination of the Automatic Stay, a Request for an Award of Fees by a Secured Creditor, and a Request for Waiver of the 10 day Period found Under Federal Rule of Bankruptcy Procedure 4001(a)(3). As such, this Court holds jurisdiction over this matter by virtue of 28 U.S.C. § 1334. This matter is a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (B), (G) & (O).

-1-

## II.   FACTUAL BACKGROUND

Shane Lynn Stokes (Debtor) commenced this Chapter 13 bankruptcy proceeding on February 2, 2009. On July 17, 2008, because the Debtor's delinquency in payment of a trust deed note, Creditor caused a Notice of Default to be recorded and commenced its foreclosure proceeding under state law. Creditor scheduled a trustee's sale of Debtor's home to be held on February 13, 2009. Because of Debtor's intervening bankruptcy, pursuant to Utah Code Ann. § 57-1-27, Creditor postponed the sale and by public declaration at the trustee's sale, Creditor continued the sale from February 13, 2009 to March 27, 2009 at 11:00 a.m.

Creditor filed its Motion For Relief From the Automatic Stay (Motion for Relief) on February 17, 2009. In its Motion for Relief Creditor states "Should relief be granted as prayed in this motion, Creditor will sell the property by public auction, on the terms and conditions as previously stated, at the postponed date and time."

Creditor asserts that Debtor has little or no equity in the property. Creditor further asserts "The automatic stay provided under 11 U.S.C. §362(a) should be terminated to allow Creditor, its successors and assigns to foreclose and recover possession of the Property, or the debtor should be ordered to provide Creditor with adequate protection of its interest in the Property.

Creditor also seeks an award of reasonable attorney fees and costs in the amount of $650.00 in connection with the filing and resolution of Creditor's motion arguing that the fees are allowable pursuant to the loan documents, and that Creditor is not seeking administrative priority or payment through the plan. Creditor's motion does not contain an itemized statement of fees and costs incurred.

Creditor requests waiver of the 10 day period found in Rule 4001(a)(3), but offers no reasons to support the request. No objection or response to Creditor's motion was filed.

### III.    RELIEF FROM STAY

The Court finds that the Motion of Wells Fargo Bank, N.A. For Termination of the Automatic Stay and the Notice of Hearing on the motion were properly served on the Debtor, Debtor's counsel and the Chapter 7 Trustee. In its motion Creditor has stated a sufficient basis for the Court to grant relief from the automatic stay and no response or objection to the motion has been filed. The Court therefore concludes that Creditor should be granted relief from the automatic stay to pursue its legal rights.

The Court further finds that Creditor's motion does not request that the Court make legal determination on the validity of its postpetition actions. The Court declines to make any legal ruling on the validity of Creditor's postpetition acts.

### IV.    THE FEE REQUEST

Only the holder of an over-secured claim is entitled reasonable fees and costs provided for in that agreement. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989). Without a fee application to review to determine that the fee request is reasonable and without a showing that Creditor is an over-secured creditor, the Court will not grant Creditor a judgement for attorney fees and costs. Creditor's request for an award of fees and costs should be denied without prejudice.

### V.    REQUEST TO WAIVE RULE 4001(A)(3)

Creditor seeks waiver of the 10 day stay period found under Federal Rule of Bankruptcy Procedure 4001(a)(3), but offers no basis to support or justify the request for waiver. Granting this relief as a matter of routine, particularly in cases where stay relief has been unopposed and is being

granted by default, risks working considerable hardship on debtors, and particularly consumers, by effectively mooting any post-order remedies or relief that they might seek. The Rule provision grants the Court wide discretion in shortening or eliminating the ten-day stay upon proper request. The Court believes this discretion is rendered meaningless if the relief is routinely granted without a stated basis. The Court will not grant an unsupported request for waiver of Rule 4001(a)(3).

-------------------------------------------END OF DOCUMENT-------------------------------------------



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings of Fact and Conclusions of Law** will be effected through the Bankruptcy Noticing Center to the following parties.

Kent W. Plott
Mark S. Middlemas
Lundberg & Associates
3269 South Main Street, Suite 100
Salt Lake City, UT 84115

Shane Lynn Stokes
1670 West 700 South
Ogden, UT 84404

Patrick Kelley
Old Post Office
298 24th Street, Suite 230
Ogden, UT 84401

Steven R. Bailey
2454 Washington Blvd.
Ogden, UT 84401